**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-25871-DPG**

BRIDLINGTON BUD LTD,

*Plaintiff*,

v.

The Partnerships, Unincorporated Associations Identified
on Schedule A,

*Defendants*.

_____ /

**MOTION TO STRIKE DEFENDANT'S MOTION TO**
**VACATE DEFAULT AND MOTION FOR EXTENSION - DOCKET ENTRY 28**

Plaintiff, BRIDLINGTON BUD LTD ("Plaintiff"), by and through undersigned counsel,
respectfully submits this Motion to Strike Motion to Vacate Default and Motion for Extension
[ECF No. 28] and alleges as follows:

**Introduction**

On March 18, 2026, Defendants Nos. 8 and 13, through an individual, Li Zhengke, filed a
Motion to Vacate Default and Motion for Extension [ECF No. 28]. However, it is well established
that a corporate entity cannot appear *pro se*.

Here, according to the information provided to Walmart [ECF No. 7-4, p. 70],
Defendant No. 8, identified as "FAFABO Home Mall" in the case, is a Chinese entity operating
under the business name "guang zhou shan mei dian zi you xian gong si," with the portion
"youxiangongsi" translates as "limited company." This clearly indicates a corporate entity, not an
individual, rendering the claim of pro se status legally and factually erroneous.

Similarly, Defendant No. 13, identified as "Spretsnow," is a Chinese entity operating under
the business name "guangzhouchuntingxuekejiyouxiangongsi" [ECF No. 7-4, p. 113], which has

1

the similar portion "youxiangongsi." This is also a corporate entity and not an individual, and thus, the claim of pro se status on behalf of Spretsnow is likewise improper.

## Legal standard

"The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Latele TV, C.A. v. Telemundo Communs. Grp., LLC*, 9 F.4th 1349, 1357 (11th Cir. 2021) (quoting *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

## Arguments

These corporate names match loosely with Defendants' business names as listed in the Infringing Evidence [*see* ECF No. 7-4, pp. 70 and 113]. As corporations, Defendants are prohibited from appearing *pro se* in this case and must be represented by an attorney. Therefore, Defendants' MOTION to Vacate Default and MOTION for Extension, filed without counsel, is improper and should be stricken from the record.

Therefore, given that Defendant's Motion to Vacate Default and Motion for Extension is improper, Plaintiff respectfully requests the Court to strike Defendant's Motion, and any requests contained therein, for failure to comply with the requirements, and to ensure that the proceedings continue under proper legal representation.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion, strike Defendants' Motion to Vacate Default and Motion for Extension [ECF No. 28], and order that Defendant No. 8 and Defendant No. 13 retain counsel in accordance with the applicable rules of procedure.

2

Date: March 23, 2026.

Respectfully submitted,

/s/ Andrew Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***